The opinion of the court was delivered by
Tirghman, C. J.
It has been made a point by the counsel for the plaintiff, that the defendant being a constable for the city of Lancaster., had no authority to serve an execution out of the bounds of the city. W e think it unnecessary to decide that point, as another question has been raised, which is decisive against the plaintiff’s recovery in this action. It appears, by the record, that no demand was made by the plaintiff, previous to the bringing of this suit, of a copy of the warrant under which the defendant acted. By the act of 21st March, 1772, (1 Sm, L. 364,) itis enacted, that no action shall be brought against any constable, for any thing done in obedience to any warrant under the hand and seal of any justice of the peace, until demand in writing hath been made, by the party intending to bring such action, of a copy of such warrant duly certified under the hand of the constable) and the same hath been neglected or refused, for the- space of six days after such demand; and in case a copy is given' in compliance with such demand, and an action shall be brought against the constable without making the justice a defendant, the constable,- on producing and proving such ’warrant/ at the trial of the action, shall be entitled to a verdict in his favour, notwithstanding any defect in the jurisdiction of the *188 justice; and if the action shall be brought jointly against the justice and constable, then, on proof of such warrant, the jury shall find for the constable, notwithstanding such defect of jurisdiction, as aforesaid. The plaintiff contends, that the defendant is not protected by this act, because he went out of his district to serve the warrant. But this is a misconstruction of the law. The defendant was an acting constable, and Alderman Carpenter, who had authority to issue a warrant to any part of the county of Lancaster, directed his warrant to him, to levy on the goods of the plaintiff. If there was any thing wrong in this, the alderman was to answer for it. The defendant had a right to insist on his being made a co-defendant, and then, on proving the warrant, the constable would have been entitled to a verdict. The act of assembly should be construed liberally in favour of constables, who are not supposed to be conusant of the law, and should be encouraged to execute process directed to them by justices of the peace. A justice ought to know the law, and if he exceeds his authority he must look to it. It is right that he should be solely responsible, without drawing in an inferior officer, who trusted to his superior intelligence. Before the making of this act of assembly, a constable was answerable for the execution of process issued by a justice, beyond his jurisdiction. This was thought to be a hardship, to remedy which, the act was made. I am of opinion, that the case of the defendant is covered by the act, and therefore the judgment of the Court of Compion Pleas, which was given in his favour on other grounds, though on this point, the opinion of the court was against him, should be affirmed,
Judgment affirmed.